UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY OLIVE,
  Plaintiff,

vs.                                        No. 07-1031

STEPHEN WRIGHT, et. al.,
  Defendants

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants at the Hill Correctional Center including Wardens Stephen Wright and Michelle Pulley; Lieutenant Michael Chapin; and Correctional Officers Cornealious Sanders and Stephen Morey.

Specifically, the plaintiff alleges that on December 30, 2006, he had left his cell to receive medication and when he returned Defendant Morey was conducting a shake down of his cell. Defendant Morey found several items of contraband including a "stinger" or homemade heating device. Defendant Morey asked "who's stinger is this?" The plaintiff says he believes it was obvious it was not his stinger based on the "circumstances and/or events in which this stinger was found." (Comp, p. 4). The plaintiff refused to answer, and the defendant wrote a disciplinary ticket against the plaintiff and his cell mate.

The plaintiff says the defendant wrote the false disciplinary ticket against him in retaliation for his decision to remain silent. The plaintiff also alleges various due process violations during the subsequent Adjustment Committee Hearing. The plaintiff was found guilty of Damage or Misuse of Property and Contraband/Unauthorized Property. He received two months of "C" grade status and a once month revocation of good time credits.

The plaintiff has failed to state a claim upon which relief can be granted. In order for the court to determine that the actions of the defendants were unlawful, the court would have to find that the decision in the disciplinary case was invalid and based on improper motivations. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the

plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. The plaintiff has alleged that the disciplinary proceeding resulted in the loss of good time credits, but he has failed to show that the disciplinary decision has been overturned.

In addition, the plaintiff has failed to state a violation of his First or Fifth Amendment rights based on his decision not to answer the correctional officer's question. Therefore, the court must dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal**

**with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this __30th_____ day of March, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE