UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY OLIVE,
   Plaintiff,

vs.                                       Case No. 07-1031

STEPHEN WRIGHT, et. al.,
   Defendants.

## ORDER

This cause is before the court on the plaintiff's motion to reconsider the March 30, 2007 Court Order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted. [d/e 14]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The pro-se plaintiff states that he has filed his motion pursuant to Rule 60(b).

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff's complaint was filed pursuant to 42 U.S.C. §1983 against five defendants at the Hill Correctional Center. The plaintiff alleged that on December 30, 2006, an officer was conducting a shakedown of his cell and found a "stinger" or homemade heating device. The officer asked who it belonged to and the plaintiff refused to answer. The officer wrote a disciplinary ticket against the plaintiff and his cell mate. The plaintiff claimed the defendant wrote the false disciplinary ticket against him in retaliation for his decision to remain silent. The plaintiff also alleged various due process violations during the subsequent Adjustment Committee Hearing in which he was found guilty and lost good time credits.

The court dismissed the plaintiff's claim since he had failed to demonstrate that the discipline had been overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); ,*Edwards v. Balisok*, 520 U.S. 641 (1997). In addition, the plaintiff had failed to state a violation of his First or Fifth Amendment rights based on his decision not to answer the correctional officer's question.

The plaintiff now says the court should allow him time to amend his complaint. The plaintiff states that he believes the discipline will be overturned once the Administrative Review

Board considers his claims. The plaintiff should have taken this action before he filed his complaint. In addition, the plaintiff has now pointed out that he has failed to exhaust his administrative remedies as required. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The plaintiff also argues that he stated a retaliation claim because he believes the disciplinary ticket was written in retaliation for his decision to remain silent. The court recognizes that the plaintiff made this claim, but the court cannot consider a claim that would force the court to find the decision in the disciplinary case was invalid and based on improper motivations. *See Heck,* 512 U.S. 477.

Finally, the plaintiff says he intended to state a violation of his Eighth Amendment rights. The plaintiff says he chose to remain silent rather than point to the offending inmate and run the risk of being attacked by other inmates. The plaintiff claims the defendants put him in this position and were deliberately indifferent to his health and safety. The plaintiff's complaint does not clearly make this allegation. Nonetheless, the plaintiff has failed to state a violation of his Eighth Amendment rights.

**IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider the court's order dismissing his lawsuit is denied. [d/e 14].**

Entered this 6/25/7

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE